UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ARTHUR J. PRESTENBACH             *      CIVIL ACTION

versus                            *      NO. 05-5454

GLOBAL INTERNATIONAL MARINE, INC. *      SECTION "F"


ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment.  For the reasons that follow, the motion is GRANTED.

Background

On November 11, 2004, Arthur Prestenbach hurt his lower back while he was connecting a heavy, water-filled hose to a bilge pump on a sunken barge that he was retrieving for Global International Marine.[1]

Global hired Mr. Prestenbach for $15 an hour to salvage a submerged barge located in Little Lake, Louisiana.  The job was expected to take three days. Mr. Prestenbach did not fill out an employment application with Global, did not take a pre-employment physical, and did not undergo a drug screen.[2]  Mr. Prestenbach

---

[1] Global uses tug boats and barges to carry out its work of ocean towing, some ship docking, and bunkering barges; Global is not in the salvage business or the business of plugging and abandoning wellheads.

[2] Plaintiff gave Global an invoice for his services, which he described as "consultant, crane operator and welder."

1

requested insurance coverage and a W-4 form from Global before the project began; neither were provided to him.

The barge retrieval job involved pumping out bilge compartments with portable bilge pumps, floating the barge, and then transporting the barge to the dry dock area.  Global's tug boat, the M/V LITTLE MIKE, was on site with a crew of two Hispanic workers, Gil Hebert (who translated instructions to the Hispanic workers), and a leased barge from AA Marine and leased pumps.

At the end of each day, plaintiff and Hebert took plaintiff's small flat bed boat into shore while the Hispanic workers stayed aboard the M/V LITTLE MIKE, where they slept and ate their meals. Plaintiff and Hebert would return to the work site each morning. During the third day, a 30-hour shift began; this shift was necessary to float the barge and ready it for transport to the dry dock.  Plaintiff was hooking a pump hose to one of the bilge pumps when he felt the pain in his back.  He continued working, but eventually reported his injury.[3]

Prestenbach sued Global for Jones Act negligence and negligence of the vessel owner under 33 U.S.C. § 905(b).[4]  He

---

[3]  Plaintiff completed a personal injury report for Global; he wrote "working with pumps" where the questionnaire stated "[d]escribe how your injury happened."

[4] Plaintiff also filed parallel litigation, OWCP No. 07-173637 and Case No. 2005-LHC-2169, with the Office of Administrative Law Judges.  On June 8, 2006, Judge Clement J. Kennington rendered a decision denying LHWCA benefits.  In so doing, Judge Kennington determined that plaintiff was an

claims that his inability to communicate with the Spanish-speaking crew, in some unclear way, created the hazardous condition that caused his back injury.

Global asks for summary relief, contending that plaintiff is neither a Jones Act seaman or a Longshore & Harbor Worker's Compensation Act employee and denying vessel owner negligence under 33 U.S.C. § 905(b). Prestenbach concedes the remoteness of showing that he was a Jones Act seaman, but seeks the status of a Global employee, entitling him to worker's compensation benefits and damages for vessel owner negligence under 33 U.S.C. §905(b).

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported

---

independent contractor, not a Global employee.

motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II.  Plaintiff's Status

Coverage under the Jones Act and the Longshoremen's and Harbor Workers' Compensation Act are mutually exclusive.  The Jones Act permits recovery for "[a]ny seaman who shall suffer personal injury in the course of his employment," whereas the LHWCA extends to all maritime workers except a master or "a member of a crew of any vessel."  See Buras v. Commercial Testing & Engineering Co., 736 F.2d 307, 309 (5th Cir. 1984).  Plaintiff must show that a genuine

4

issue of fact exists as to whether he was a seaman at the time of his injury; if he was not, his remedies may lie within the LHWCA.

    A.   Jones Act:  Plaintiff is not a seaman.

Seamen have a right to maintenance and cure from their employers for injuries they suffer while in the service of a vessel. O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 41-42, 63 S.Ct. 488, 87 L.Ed. 596 (1943); Guevara v. Maritime Overseas Corp., 59 F.3d 1496, 1499 (5th Cir. 1995).  "To survive a motion for summary judgment, the plaintiff must demonstrate a factual dispute regarding the permanency or the substantiality of his employment relationship with a vessel or group of vessels, and that his work contributed to the operation or function of the vessel or the accomplishment of its mission." See Buras, 736 F.2d at 309 (5th Cir. 1984) (citing Betrand v. Int'l Mooring & marine, Inc., 700 F.2d 240, 244 (5th Cir. 1983)).  Global disputes that the plaintiff was a Jones Act seaman and, therefore, contends that his Jones Act and maintenance and cure claims should be summarily dismissed.  While "[s]eaman status is ordinarily a question of fact for the jury," Tullos v. Resource Drilling, Inc., 750 F.2d 380, 385 (5th Cir. 1985), this Court may grant summary judgment where no facts are in dispute with respect to seaman status.  Barrett v. Chevron, 781 F.2d 1067, 1074 (5th Cir. 1986), citing Guidry v. Continental Oil Co., 640 F.2d 523, 529 (5th Cir. 1981).

To qualify as a Jones Act seaman, one must show that: 1) his duties contributed to the function of the vessel or to the accomplishment of its mission; and 2) his connection with the vessel in navigation (or an identifiable group of vessels) was substantial in both its duration and nature. Chandris, Inc. v. Latsis, 515 U.S. 347, 115 S. Ct. 2172, 2195, 132 L. Ed. 314 2d(1995). "To satisfy the first prong of the Chandris test, the claimant need only show that he 'do[es] the ship's work.'" In re Endeavor Marine, Inc., 234 F.3d 287, 290 (5th Cir. 2000). This requirement is very broad. Id. To determine whether his connection with the vessel was substantial in nature and duration,

> the total circumstances of an individual's employment must be weighed to determine whether he had a sufficient relation to the navigation of vessels and the perils attendant thereon. The duration of a worker's connection to a vessel and the nature of the worker's activities, taken together, determine whether a maritime employee is a seaman because the ultimate inquiry is whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on the vessel at a given time.

Chandris, 115 S.Ct. at 2190-91 (citations omitted).

Here, Global argues that summary judgment is appropriate because plaintiff has not shown that his work contributed to the vessel's function or accomplishment of its mission or that he had a substantial connection with the vessel or group of vessels. Indeed, the plaintiff concedes that "unless this Court were to conclude that the three or so days spent at Little Lake on board

the vessel during daylight hours is a substantial connection to a vessel or fleet of vessels, then he is unlikely to prove a Jones Act status."

The Court agrees that the plaintiff cannot prove seaman status. Plaintiff was hired to do a job for Global that was expected to take only three days. He left the tug boat and barge every evening and returned each morning to work. This obvious "transitory connection" to a vessel falls well short of establishing substantiality and is thus insufficient to confer seaman status. See Buras v. Commercial Testing & Engineering Co., 736 F.2d 307, 310 (5th Cir. 1984).

B.   LHWCA: Plaintiff is an independent contractor.

The LHWCA, 33 U.S.C. § 901-950, was enacted to fill a void in the law in order to protect longshore and other harbor workers performing loading and repair work, who were excluded from coverage from workers' compensation laws and did not fall within federal admiralty jurisdiction. See generally Northeast Marine Terminal Co. v. Caputo, 432 U.S. 249, 256-60 (1977). In return for granting an employer immunity from tort liability, the LHWCA requires employers to provide compensation to their employees for injury arising out of the course of employment. 33 U.S.C. §§ 904-905.

Thus, eligibility for LHWCA compensation benefits without regard to fault depends on the plaintiff's employment status. If the plaintiff is not employed by anyone (that is, if he is an

independent contractor), then he is not entitled to recover LHWCA worker's compensation benefits as an employee. See 33 U.S.C. § 903(a) (restricting availability of compensation payable to "employee" and only if the disability or death occurs on navigable waters).

To determine whether an individual is an employee who may avail himself of LHWCA compensation benefits, the Fifth Circuit has instructed courts to apply the "nature of the work" test:

> In determining the existence of an employee-employer relationship pursuant to this test, one examines the nature of the claimant's work in relation to the regular business of the employer. This examination must focus on two distinct areas: the nature of the claimant's work and the relation of that work to the alleged employer's regular business. In evaluating the character of a claimant's work, a court should focus on various factors, including the skill required to do the work, the degree to which the work constitutes a separate calling or enterprise, and the extent to which the work might be expected to carry its own accident burden. In analyzing the relationship of the claimant's work to the employer's business the factors to be examined include, among others, whether the claimant's work is a regular part of the employer's regular work, whether the claimant's work is continuous or intermittent, and whether the duration of claimant's work is sufficient to amount to the hiring of continuing services as distinguished from the contracting for the completion of a particular job.

Oilfield Safety and Machine Specialities, Inc. v. Harman Unlimited, Inc., 625 F.2d 1248, 1253 (5th Cir. 1980) (citations omitted).

Global insists that the summary judgment record conclusively establishes Prestenbach's status as an independent contractor. The Court agrees that application of the "nature of the work" test shows that he was indeed an independent contractor, not a Global employee.

Global hired Prestenbach, an expert with 25 years experience in the field of plugging and abandoning wellheads, to salvage a sunken barge. Global hired-out that work because Global is in the business of marine transportation, such as ocean towing, ship docking work, and bunkering barges.  Retrieving the barge was anticipated to last merely three days; indeed, plaintiff conceded it was a "one-shot" job.  A job that cannot be said to be a regular part of Global's mission.  Plaintiff did not submit an employment application, did not take a pre-employment physical, and did not undergo drug screening.  He submits no evidence that raises any material genuine issue as to his status as an independent contractor.

Accordingly, as a matter of law, plaintiff is not entitled to the LHWCA's primary reward:  worker's compensation benefits.[5]

---

[5] Global argued that the Administrative Law Judge's determination (that plaintiff was an independent contractor and not a Global employee) collaterally estopped plaintiff from relitigating this issue. Plaintiff, however, disputes the finality of the ALJ's decision in light of the fact that his appeal of that decision is pending.  The Court need not reach that issue.

III.  Vessel Owner Negligence Under the LHWCA

Finally, Global contends that Prestenbach's claim of vessel negligence under 33 U.S.C. § 905(b) should be dismissed because the plaintiff has acknowledged that there were no unseaworthy or negligent conditions on the barge, the tug, the pump, or the sunken barge that contributed to or caused his alleged injury.  The Court agrees.

The right of persons covered under the LHWCA to sue a vessel owner for negligence arises exclusively under 33 U.S.C. § 905(b). A vessel owner owes three duties to independent contractors working on the vessel:  (1) the turnover duty that relates to the condition of the ship on commencement of the contractor's operations; (2) the control duty to protect against hazards arising in areas or equipment under the vessel's active control; and (3) the duty to intervene when the vessel owner knows of a serious hazard and the stevedore improvidently decides to ignore the risk.  See Scindia Steam Nav. Co. v. De Los Santos, 451 U.S. 156 (1981); see also Manuel v. Cameron Offshore Boats, Inc., 103 F.3d 31, (5th Cir. 1997) (noting that Fifth Circuit jurisprudence generally extends the reading of the Section 905(b) negligence action to cover independent contractors).

Plaintiff concedes that there were no defects or questionable conditions on the barge, the tug, the pump, or the sunken barge that contributed to or caused his alleged injury.  Rather, he

10

contends that he injured his back when hooking up a water-filled hose to a pump.  He claims that "[t]he inability to communicate with Spanish speaking Mexican crew members assigned by Global to work with Plaintiff created the hazardous condition that caused injury to his back."  His argument is a boot-strap hope to stay in Court.

The record discloses no genuine issue of material fact as to whether Global breached any of its duties.  Plaintiff provides no evidence to suggest that working with Spanish-speaking workers (along with a person who acted as a translator) constituted an unreasonable hazard that caused his injury.[6]  Further, plaintiff submits no evidence to show that Global knew about a hazardous condition that it failed to remedy.  The record is silent as to how lifting the pump was made hazardous because Hispanics were on board the tug.  Indeed, viewing the evidence most favorably to plaintiff, he was injured on the third day on the job simply while he was maneuvering a heavy water-filled hose.  There is no evidence in the record, nor any support in the case literature, supporting

---

[6] In fact, the only "evidence" plaintiff offers in support of his claim that Global negligently breached a duty is his own conclusory, self-serving testimony:  "If we'd had someone out there that could speak English, this problem would have never happened."  Even this statement, however, is false, given plaintiff's concession that Gil Hebert was there to translate when needed.

11

imposition of vessel owner negligence under such circumstances.[7]

Accordingly, defendant's motion for summary judgment is GRANTED. The plaintiff's claims against Global are hereby dismissed.

New Orleans, Louisiana, August 9, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff wholly fails to connect the dots. He does not tar Hebert with the brush of misconduct for failing to translate. He does not point to any failure of an Hispanic crew member aboard the tug.